951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES Of America, Plaintiff-Appellee,
v.
Alfred Delma HILL, also known as Delma Alfred Hill,
Defendant-Appellant.
 No. 91-6258.
 United States Court of Appeals, Tenth Circuit.
 Jan. 7, 1992.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Alfred Delma Hill appeals the denial of his motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. The district court based its denial on the ground that the petition was successive to a similar petition filed in February 1989, from which an untimely appeal was taken to this court. We denied relief on ground that the notice of appeal was untimely. See Hill v. United States, No. 90-6228 (10th Cir. Feb. 13, 1991) (unpublished).
 
 
 3
 In the instant appeal Hill argues that the issues are not the same in the two petitions, as the second directly challenges the district court's use of quantities of heroin in uncharged crimes or counts on which he was not tried, in calculating the base offense level for guideline purposes. Hill pleaded guilty to possession with intent to distribute only two grams of heroin. In calculating the offense level for purposes of the sentencing guideline range, the court attributed to him an additional 584 grams based upon the presentence report and testimony of a federal officer. As a result the sentence Hill received was above what the guidelines would have permitted for the two grams to which he pleaded guilty.
 
 
 4
 Although the challenge in the instant case is more specifically directed than in the earlier petition, we are satisfied that the earlier petition, reasonably construed, raised all of the issues included in the second. Certainly this court thought the "quantity of drugs" issue was raised when it made the following statement in the earlier appeal: "A sentencing court may consider other quantities of drugs in determining a defendant's base offense level, and the Sentencing Commission was within its authority to promulgate § 1B1.3 of the Guidelines." Id. (citations omitted).
 
 
 5
 Even if the issues raised in this second petition were not identical to those in the first, the petition would be regarded as successive under the authority of recent United States Supreme Court decisions. See McClesky v. Zant, 111 S.Ct. 1454, 1470 (1991); Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Therefore Hill would have to meet the cause and prejudice standard to be entitled to bring the second action. He has not shown any cause for his failure to raise the issues in the earlier petition.
 
 
 6
 Even if we were to consider the merits of the second petition--based upon the contention that the Sentencing Commission exceeded its authority when it allowed district judges, in calculating offense levels under the guidelines, to consider uncharged crimes in establishing offense levels--we would deny relief.[1] See United States v. Smith, 929 F.2d 1453, 1459 (10th Cir.) (quantity of drugs, not specified in charge defendant was convicted of, properly included in determining base offense if "part of same course of conduct") (quoting U.S.S.G. § 1B1.3, comment at 1.19), cert. denied, 112 S.Ct. 146 (1991); United States v. Harris, 903 F.2d 770 (10th Cir.1990) (defendant convicted of possession of 3/4 pound marijuana; under U.S.S.G. § 2D1.1 sentencing court properly considered 801 pounds of drug involved in the crime but not charged); United States v. Ware, 897 F.2d 1538, 1542-43 (10th Cir.) (under sentencing guidelines quantities of drugs not alleged in indictment may be used to enhance sentence), cert. denied, 110 S.Ct. 2629 (1990); see also United States v. Ebbole, 917 F.2d 1495, 1500-01 (7th Cir.1990) (Sentencing Commission within authority to promulgate U.S.S.G. § 1B1.3; furthermore, § 1B1.3 is constitutional).
 
 
 7
 AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We grant Hill's motion to file his supplemental brief making arguments based on an Eighth Circuit opinion decided after the earlier briefing. We note, however, that the opinion has been vacated and rehearing has been granted. Galloway v. United States, 943 F.2d 897 (8th Cir.1991), reh'g granted, and opinion vacated, (Nov. 20, 1991) (Westlaw, Instacite)